JOHNSON, Plaintiff, vs. RETZLAFF, Defendant. [Two appeals.]

*October 7—November 5, 1929.*

**2**

For the plaintiff there were briefs by *H. E. Kjorstad* of Reedsburg and *O. S. Loomis* of Mauston, and oral argument by *Mr. Loomis*.

*James A. Stone* of Reedsburg, for the defendant.

OWEN, J.   Judgment was entered in this case on the 1st day of June, 1928.   A notice thereof was served on plaintiff June 20, 1928.   Service of a proposed bill of exceptions was required to be made August 19, 1928.   Sec. 270.47, Stats. A transcript of the testimony, however, was not received by the plaintiff's attorneys until September 18th, the same having been ordered on July 16th.   Thereafter nothing was done towards securing the settlement of a bill of exceptions until about February 1, 1929, when defendant's counsel was asked to stipulate an extension of time to settle the bill of exceptions.   Defendant's counsel declined to so stipulate, and plaintiff's counsel applied to the court for an order permitting the settlement of the bill of exceptions.   An order permitting such settlement was entered March 2, 1929.   The defendant appeals from that order.   As a reversal of that order will make it impossible to consider the merits on the appeal from the judgment, the question presented on the appeal from the order will be first considered.

An examination of the record discloses no reason, justification, or excuse for the delay in procuring a settlement of the bill of exceptions.   There is some suggestion that the delay was permitted because of assurances given by defendant's attorney to Mr. Kjorstad, the attorney who had the immediate charge of plaintiff's case, that he would make no objections to the settlement of the bill because the time had

expired. It is perfectly clear from the record, however, that Mr. Stone, the defendant's attorney, said that he would not object to such settlement if the bill were settled in time to enable the case to be placed upon the January, 1929, calendar of this court upon appeal. He seems to have insisted at all times and made it clear to Mr. Kjorstad that he wanted the appeal heard at the January, 1929, term of this court.

There appears to have been no reason whatever for the delay in the settlement of the bill of exceptions except the lethargy and procrastination of Mr. Kjorstad. In granting the order permitting the settlement of the bill of exceptions the court said:

"Now, the court has used his discretion. I have not used my discretion in favor of Mr. Kjorstad. I think Mr. Kjorstad was dilatory. I have used my discretion in favor of Mr. Kjorstad's client. I feel this way: that if a man comes into my court and has a case tried here, he has a right to go to the supreme court, and we should not punish the client merely because the attorney has not done just what is right in the case. That is the reason the court has used his discretion and gave this man another chance. If the court has done wrong he is always glad to have the supreme court correct him."

It will thus be seen that the trial court found no excuse or justification for the delay. The order was entered as a matter of grace. The statute, sec. 269.45, authorizes the entry of such an order only on good cause shown. It is not a favor to be granted to a litigant as a matter of grace. The statute limits the time within which a bill of exceptions may be settled. Where, however, good reason is shown for a failure to procure the settlement of a bill within the time limited by statute, the court is empowered to permit the settlement after the expiration of such time.

If trial courts are to permit the settlement of bills under the circumstances here presented, then, as aptly stated by defendant's counsel, the statute may as well be repealed. The

views of this court on this very matter find vigorous expression in *Ward v. Trustees of Racine College,* 176 Wis. 168, 185 N. W. 635. Although the court there expressed its disapproval of an order permitting the settlement of a bill of exceptions, it nevertheless considered the merits of the case. It was thought that the admonition to the attorneys and trial courts therein contained would prevent the recurrence of similar situations. However, it is plain if we are to do no more than to express our disapproval of the enlargement of the time within which to settle a bill of exceptions by the trial court in the absence of any showing of cause and proceed with the consideration of the merits of the case, that then, too, the statute may as well be repealed and all rules upon the subject abolished, as we will always have the merits of the case before us where a settlement of the bill of exceptions has been permitted.

In order to impute vitality to the statute, it seems necessary to reverse the order permitting the settlement of the bill of exceptions. While this is unfortunate for the plaintiff in the action in that it prevents a consideration of the merits of the case upon his appeal, it will work wholesome results in the administration of justice. The lassitude of Mr. Kjorstad unnecessarily postponed the consideration of the case by this court for a period of six months. In the public mind, and perhaps in the mind of the plaintiff as well, such delay is attributable to the "tedious processes of the courts." An action at law or equity involves the legal rights of litigants. Those rights should be speedily determined. From this statement there is no dissent anywhere. The judiciary of this state is most sensitive to its duties and responsibilities in this respect. Delays in the final determination of law-suits cannot be attributed to either the inattention or procrastination of our courts. Our system of jurisprudence permits the final determination of this court within a year after the commencement of an action. Three such instances occurred at the last assignment. Statutes have

been enacted and rules have been adopted to facilitate the dispatch of judicial business. A frustration of the object thus sought to be accomplished through the dilatoriness of attorneys will be accorded ever-diminishing tolerance.

*By the Court.*—The order appealed from is reversed. The judgment is affirmed.