ESKELINEN, Respondent, vs. NORTHWESTERN CASUALTY &
Surety Company, Appellant.
FLINK, Respondent, vs. NORTHWESTERN CASUALTY &
Surety Company, Appellant.

*March 6—June 23, 1930.*

For the appellant Northwestern Casualty & Surety Company there were briefs by *B. F. Saltzstein,* attorney, and *John S. Barry* of counsel, both of Milwaukee, and oral argument by *Mr. Barry.*

For the respondents Eskelinen and Flink there were briefs by *H. J. Blanchard* and *W. K. Parkinson,* both of Phillips, and oral argument by *Mr. Parkinson.*

The following opinions were filed April 1, 1930:

STEVENS, J.   These cases present so clear a case of inexcusable delay in the settlement of the bill of exceptions that the order extending time to settle the bill must be reversed.   This order was entered three and one-half years after the case was tried, two years and two months after judgment was first entered, and one and one-half years after judgment was entered in the final form.

The bill of exceptions was not settled until more than six months after the time for taking the appeal from the judg-

ment had expired. No formal notice of entry of judgment was ever served. But appellant contends that the notice of appeal served when the case was here upon a former appeal was a sufficient notice of entry of judgment to comply with the provisions of sec. 270.47 of the Statutes. If a notice of appeal be construed as a sufficient "written notice of the entry" of judgment, then the service of any writing which refers to the judgment, as does the notice of appeal, would be sufficient to set the time for settling a bill of exceptions running. Such a writing would not meet the requirements of the statute. The statute requires a definite form of notice. The sixty-day period within which to settle a bill of exceptions does not begin to run until a notice which is in the form prescribed by statute has been served.

In the absence of the service of a notice of entry of judgment, there is no limitation as to the time within which a bill of exceptions may be settled, except that the court will not perform the useless function of settling a bill of exceptions after the time for appeal has expired, where no appeal has been taken within the time fixed by law.

It was formerly held that a court had no power to settle a bill after the time for appeal had expired, even if the appeal had been properly taken. But this rule is now construed as a rule of practice, rather than one denying the power of the court. *Shafer v. Eau Claire,* 105 Wis. 239, 243, 81 N. W. 409. There is no question as to the power of the court to settle a bill of exceptions after the time for appeal has expired, in cases where the appeal has been taken within the time fixed by statute. But such power will not be exercised in such cases unless good cause for extension of time is shown. *Behnke v. Kroening,* 174 Wis. 224, 229, 182 N. W. 837.

If all other delays are disregarded, the time that elapsed after the transcript of testimony was received by the attorneys representing the two plaintiffs is alone sufficient to re-

quire the denial of the relief granted by the orders here in question. The proof establishes the fact that on July 16, 1928, the court reporter sent the transcript of testimony to W. K. Parkinson, one of the attorneys representing the plaintiffs.

There is no attempt to excuse the delay or to explain the fact that no bill of exceptions was served until the following December, except the statement that Mr. Blanchard, one of appellant's attorneys, was taken ill on November 16th of that year. There is no suggestion that he was incapacitated from working on the bill of exceptions prior to that date. The transcript was sent to appellant's attorneys four months prior to the commencement of such illness. There is no attempt to excuse this delay of four months, except the statement of Mr. Blanchard that the transcript did not come to his hands until about the time that he was taken ill. Mr. Parkinson, to whom the transcript was sent in the middle of July, made no attempt to explain or excuse this delay. He was the one that tried these cases at the circuit and the one who presented them in this court. If he withheld the transcript from Mr. Blanchard and did not prepare the bill himself during this four-months period, such delay was so inexcusable as to require the court to refuse to extend the time, especially in view of the fact that he did not procure the transcript until two years and seven months had passed after the case was tried.

The able trial judge who granted the order appealed from was doubtless moved by the desire to give the plaintiffs an opportunity to review his rulings and decision in this case. The writer of this opinion knows from his experience on the trial bench how strong is the urge to grant such extensions in all cases so that parties may have every opportunity to have their cases finally determined by this court, rather than to prevent such review by denying the application to extend the time to settle a bill of exceptions.

But trial judges must not forget that they are performing an important judicial function in passing upon such applications. In performing that function trial courts should not "take the view that the application for an order to extend the time within which a bill may be settled is in any way personal to them because it may result in the denial of a right of appeal from a judgment of the trial court. The question presented is much larger than that. It relates to the whole scope of the administration of the law, and if parties are not held to a reasonably strict rule one of the fundamental purposes of our system of jurisprudence . . . will be defeated." *Ward v. Racine College,* 176 Wis. 168, 175–176, 185 N. W. 635.

This power to extend the time to settle the bill of exceptions "is a power which should be exercised with caution and only in cases where the parties have brought themselves clearly within the rule, and should not be so exercised as to extend the time within which the rights of parties may become fixed in cases where the default is due to unexcused delay. . . . While discretion is vested in trial courts for the relief of parties who, by reason of some excusable fault or neglect, have been deprived of the right given them, it should be exercised only where good and adequate cause is shown by the affidavits of persons having personal knowledge of the facts, and where there is a delay for which no substantial, adequate reason is shown, the party in default should not be relieved." *Ward v. Racine College,* 176 Wis. 168, 174, 176, 185 N. W. 635.

"It is plain if we are to do no more than to express our disapproval of the enlargement of the time within which to settle a bill of exceptions by the trial court in the absence of any showing of cause and proceed with the consideration of the merits of the case, that then . . . the statute may as well be repealed and all rules upon the subject abolished, as we will always have the merits of the case before us where a

settlement of the bill of exceptions has been permitted. In order to impute vitality to the statute, it seems necessary to reverse the order permitting the settlement of the bill of exceptions." *Johnson v. Retzlaff,* 200 Wis. 1, 4, 227 N. W. 236, 237.

The question presented involves more than the private rights of the parties to this action. The question involved affects the public as a whole. It requires courts to determine whether the people of this state shall have justice "promptly and without delay," as our forefathers ordained by the constitution (art. I, sec. 9) when this state was founded. To the honor of Wisconsin's administration of justice be it said that few cases come to the attention of this court in which counsel has paid so little attention to this constitutional mandate. We trust that the re-affirmance of the rule declared in *Ward v. Racine College* and *Johnson v. Retzlaff, supra,* may strengthen the arm of the trial courts of this state and inspire the members of the bar with zeal to obey this mandate—a duty which is imposed upon all who aid in the administration of justice.

The briefs present the merits of the controversy. An examination of the record fails to disclose that any appeal was taken from the judgment. The briefs discuss questions of fact which cannot be reviewed by this court without a bill of exceptions. A former appeal from the same judgment was dismissed because there was no bill of exceptions upon which to present the merits of the controversy. In any event the merits of the controversy cannot be considered by the court without an appeal from the judgment.

*By the Court.*—Orders reversed.

CROWNHART, J. (*dissenting*). I regret that these cases, after having been fully argued and submitted on the merits, have been decided on a technicality in order to speed up litigation, without considering the justice of the cases. Jus-

tice may be defeated by undue haste as well as by undue delay.

The question of whether the plaintiffs were too late with their bill of exceptions was submitted to the able and conscientious judge of the circuit court. He gave the matter full consideration. He knew the whole situation better than we do, and he exercised his best judgment. I do not think he was guilty of any abuse of discretion. The surety company has no reason to complain over the delay. It could have avoided much of the delay by promptly serving a notice of entry of judgment, thereby starting the one-year statute of limitation on appeals running. This it did not do. It was thus equally negligent with the plaintiffs. No one has been injured by the delay.

I particularly regret this manner of disposing of the cases because I think these plaintiffs have been seriously wronged and are denied a remedy in the law, not by reason of any fault of theirs. If there has been fault it is that of their duly licensed attorney. However, I do not criticise the plaintiffs' attorney. He presented his excuses to the trial judge, who accepted them as sufficient. I think the trial judge acted within his discretion and his ruling should prevail.

Under the circumstances, I think it wholly unjustifiable to turn the plaintiffs out of court without deciding their cases according to principles of justice.

In *Ward v. Racine College,* 176 Wis. 168, 185 N. W. 635, cited in the opinion, this court refused to dispose of the case on motion to dismiss the appeal, as here, but held that, the case having been submitted on the merits, it should be decided on the merits.

In *Johnson v. Retzlaff,* 200 Wis. 1, 227 N. W. 236, this court found that the record disclosed no excuse for extending the time to settle the bill of exceptions, but in the present cases the trial court had before him facts presented by affi-

davit and otherwise, which he deemed sufficient reason why time should be extended to settle the bill of exceptions. Neither case cited is authority for the opinion in the instant cases.

I therefore respectfully dissent.

A motion to extend the time for filing a motion for rehearing was denied, and a motion for a rehearing was dismissed, with $25 costs, on June 23, 1930.