Meyers, Plaintiff, vs. Thorpe, Defendant. [Two cases.]

*February 14—March 15, 1938.*

For the plaintiff there were briefs by *McGovern, Curtis & Devos,* attorneys, and *James H. Van Wagenen* of counsel, all of Milwaukee, and oral argument by *Mr. Van Wagenen.*

For the defendant there were briefs by *Lines, Spooner & Quarles,* attorneys, and *Chas. B. Quarles* and *James T. Guy* of counsel, all of Milwaukee, and oral argument by *Chas. B. Quarles.*

FRITZ, J.    The defendant's appeal from the order which the court made on September 18, 1937, to enlarge and extend the time for the service of a bill of exceptions by the plaintiff must be considered first.    Notice of the entry of the judgment dismissing the complaint, which was entered March 30, 1937, was served on that day upon the plaintiff

by service on her attorney. He served a notice of appeal and undertaking on her behalf on April 5, 1937; but did not prepare the bill of exceptions until July 26, 1937, and it was not presented to the defendant's attorneys until two days later. They refused to accept service thereof because the ninety-day period allowed therefor by sec. 270.47, Stats., had expired on June 30, 1937. Thereupon the plaintiff procured an order to show cause why the time should not be extended under sec. 269.45, Stats., which authorizes a court or judge "upon notice and good cause shown by affidavit" to extend the time within which an act or proceeding in an action or special proceeding must be taken. The affidavits upon which plaintiff relied are to the effect that because her attorney was busy attending to numerous other legal matters and proceedings during the ninety days within which the bill of exceptions should have been served, and the first twenty days after the expiration of that period, the bill of exceptions was not prepared by him until July 26, 1937. It does not appear that those other matters and proceedings required his continuous attention to such an extent so as to admit of no sufficient interval to enable him to prepare and serve the bill of exceptions within the ninety-day period allowed therefor, or that the time within which they had to be attended to was likewise limited by statute or otherwise. Under the circumstances, the affidavits do not admit of finding that there was good cause for extending the time within which the proposed bill of exceptions should have been served; and no finding as to any fact constituting such cause, or that such cause existed, was made by the trial court in connection with its conclusion that the plaintiff was entitled to such relief. In the absence of a sufficient showing to establish good cause therefor, the court's order extending the time in question must be reversed for the reasons stated in *Johnson v. Retzlaff*, 200 Wis. 1, 227 N. W. 236; *Eskeli-*

*nen v. Northwestern C. & S. Co.* 202 Wis. 100, 230 N. W. 33; *Wendlandt v. Hartford Accident & Indemnity Co.* 222 Wis. 204, 268 N. W. 230.

On the plaintiff's appeal from the judgment she assigns as error the denial of her motion for judgment on the verdict returned by the jury; the substitution by the court of a finding in lieu of a jury answer in the verdict; and the entry of judgment dismissing the complaint upon the verdict as changed. As there can be no determination in relation to those assignments of error without a review of the evidence, and that has not been preserved by a duly settled bill of exceptions, the judgment must be affirmed.

*By the Court.*—On the defendant's appeal, the order extending the time for the service of the bill of exceptions is reversed.

On the plaintiff's appeal, the judgment is affirmed.