KISTEN, Administratrix, and others, Respondents, vs. KISTEN, Appellant.

*November 11—December 6, 1938.*

480

482

For the appellant there was a brief by *Lewis W. Powell,* attorney, and *Hammond & Jones* of counsel, all of Kenosha, and oral argument by *Mr. Walter W. Hammond* and *Mr. Powell.*

For the respondents there was a brief by *Weisman & Weisman* of Racine, and oral argument by *J. M. Weisman.*

NELSON, J. The defendant contends that under the circumstances the trial court abused its discretion in denying defendant's motion to extend the time in which to settle and serve the bill of exceptions. Sec. 270.47, Stats., in part, provides:

"After judgment is perfected either party may serve upon the other a written notice of the entry thereof; and service of a proposed bill of exceptions, by either party, must be made within ninety days after service of such notice."

A party may, in the discretion of the court or judge, be relieved from a failure to act timely under sec. 270.47, Stats., if good cause for the delay or failure to act be shown as provided by sec. 269.45, Stats., and may have the time extended. That section provides:

"The court or a judge may, upon notice and good cause shown by affidavit and upon just terms, extend the time within which any act or proceeding in an action or special proceeding must be taken (except the time for appeal) and may do so after the time has expired."

This statute has been invoked numerous times, though not always successfully, for an extension of time in which to settle and serve a bill of exceptions. In order to entitle a party to relief under that section, good cause must, of course, be shown. *Ward v. Racine College,* 176 Wis. 168, 185 N. W. 635; *Eskelinen v. Northwestern C. & S. Co.* 202 Wis. 100, 230 N. W. 33; *Wendlandt v. Hartford Accident &*

*Indemnity Co.* 222 Wis. 204, 268 N. W. 230; *Meyers v. Thorpe,* 227 Wis. 200, 278 N. W. 462. Under our decisions, whether good cause be shown for the delay is ordinarily considered a matter within the discretion of the trial court. This court, however, has, on a number of occasions during recent years, reversed the trial court's order extending the time because, in our opinion, the trial court abused its discretion in granting an extension of time in which to settle and serve a bill of exceptions. Commencing with *Ward v. Racine College, supra,* this court has taken a firm stand with respect to actions of the trial court in granting extensions, and has refused to approve such extensions when it appeared that such extensions were granted as a matter of grace or out of sympathy for clients whose attorneys had been negligent, dilatory, and procrastinating. *Johnson v. Retzlaff,* 200 Wis. 1, 2, 227 N. W. 236; *Meyers v. Thorpe, supra.* From a careful review of our many decisions, the requirement that good cause be shown is satisfied when it is shown that the delay was for good reason, or when it is shown that there was justification or excuse for the delay. *Johnson v. Retzlaff, supra.* "Unexcused delay," "unexcused lapses," "unexcused failure or neglect," "unsubstantial or inadequate reasons for delay," should not avail a party. *Ward v. Racine College, supra.* In *Johnson v. Retzlaff, supra,* it was said that "the record discloses no reason, justification, or excuse for the delay" except "the lethargy and procrastination of" appellant's attorney. It would seem that if the delay was the result of excusable fault or neglect, or if the delay be satisfactorily explained, or if there be justifiable reason for the delay, that a court should hold that good cause was shown.

Was good cause shown for extending the time in which to settle and serve a bill of exceptions? The affidavit of Mr. Hammond, which was submitted to the trial court, states

many of the proceedings heretofore recited in the statement of facts, and then continues :

"That upon such examination this affiant reached the conclusion that there were important findings of fact which were not supported by any evidence or were contrary to the evidence, that the judgment was not warranted by the competent evidence in the case and that there were questions of law affecting the validity of the judgment, all of which questions in the opinion of this affiant should be submitted to the court by due motions to vacate and set aside the judgment, for correction of certain findings of fact, for the making of additional findings of fact and for other relief. That it was the opinion of this affiant that all such matters should be called to the attention of the court so that due action could be had thereon and an appeal, if necessary, taken at one time both from the judgment and from such order as might be made after argument of the motions, and that one bill of exceptions be prepared containing the proceedings and papers applicable both to the judgment and the proposed motion.

"That this affiant then discussed with the plaintiff's counsel some of the questions involved and informed him of this affiant's view thereon. That at that time the Hon. E. B. BELDEN, who tried the said action, was ill and it was doubtful if such motions could be heard during the month of February, 1938. That it was the understanding of both the plaintiff's counsel and this affiant that the said judge contemplated a trip to Florida because of his health and planned to be gone the entire month of March. That it was therefore the conclusion of both the plaintiff's counsel and this affiant that for the convenience of the judge and to avoid burdening him with the same prior to his trip to Florida the said motion should be heard later if the same could be done without prejudice to the rights of any of the parties.

"That for that purpose the attorneys to this action entered into a stipulation that any such motions could be heard during the March term of this court and order entered thereon with the same force and effect as if such matter had been heard and the order thereon entered during the October, 1937, term of court (being the term the said judgment was entered) upon condition that due notice of any such motions

be served upon the plaintiff's counsel prior to March 7, 1938. That an order on such stipulation was entered on the 9th day of February, 1938, and that such motions were served prior to the time required by the said stipulation and order.

"That this affiant is unable to state the exact date the said Hon. E. B. BELDEN left on his trip to Florida but understood the same to be the latter part of February or the first part of March, and that he did not return until on or about the 2d day of April, 1938.

"That thereupon, this affiant had the said motions brought on for hearing and the same were argued at the earliest possible date, namely, the 29th day of April, 1938. That the judge then took the said matter under advisement and that at the date of the execution of this affidavit no decision has been rendered.

"That the time for taking an appeal from the said judgment expires on the 6th day of July, 1938, and it is impossible to await the court's decision on the said motions and the entry of order thereon before perfecting the appeal.

"That this affidavit is made in support of an application to the court to extend the time for settlement of the bill of exceptions on appeal from the judgment herein. That in discussing the matter with the plaintiff's counsel in January, 1938, this affiant informed the counsel that it was the defendant's desire to have the appeal heard in the supreme court during the August, 1938, term, which would be the earliest term at which the said appeal could be heard. That this affiant had expected the plaintiff's counsel to be willing to stipulate to an extension of time for settlement of the bill of exceptions in view of the understanding that the appeal would be taken so that it could be heard at the first term of the supreme court subsequent to the entry of the judgment.

"That the only delay in settlement of the bill of exceptions has been for the purpose of having the said motions to vacate the judgment and for other relief heard and decided and, if the motions should be denied, that one bill of exceptions could be settled for the entire proceedings and the record returned to the supreme court within the time required for arguing the same at the August, 1938, term of the said court. That this affiant is prepared to complete the record and have the same on file within that time."

The statements made in this affidavit were not controverted. It may, therefore, be taken as true that the defendant, Laura Kisten, felt aggrieved at the trial court's decision and intended, promptly and in good faith, to appeal from the judgment entered; that she employed counsel who ranks high at our bar to represent her upon the appeal; that in the judgment of said counsel it was deemed advisable, before appealing, to make a motion to vacate the judgment for various reasons which seemed to him to merit careful consideration by the trial court; that in February the trial judge's illness was such as to necessitate his planning a month's sojourn in Florida; that both counsel recognized that the trial judge ought not to be burdened with motions before going to Florida, and that they could not expect to have him devote any time to such motions while absent from the state. The defendant's counsel understood that if his motions after judgment were granted there would be no occasion for an appeal from the judgment entered and no reason for settling and serving the bill of exceptions. He very reasonably took the position that under the circumstances one bill of exceptions would suffice if the trial court should deny his motions. Defendant's counsel would have saved himself much trouble had he settled the bill of exceptions within the ninety days or applied to the court for an order extending the time when the court was about to leave for Florida. It appears that the appeal could not be heard until the August, 1938, term of this court. Any delay which will now be occasioned is the result of the plaintiffs' refusal to stipulate to settle the bill of exceptions, after the ninety days expired. There is absolutely nothing in Mr. Hammond's conduct that can be called dilatory, negligent, forgetful, or procrastinating, and nothing that he did is responsible for any delay in hearing the appeal.

It is our opinion that under the circumstances revealed by the record, and by the affidavit of Mr. Hammond, the delay

beyond the ninety days in settling and serving the bills of exceptions clearly was excusable, and that the court abused its discretion in refusing to extend the time in which to settle and serve the bill of exceptions. Had the circuit judge not been ill or compelled to take a rest in Florida in order that he might regain his health, the defendant's motions to set aside the judgment and for a new trial might have been promptly heard and decided. Had the circuit court granted them, no appeal from the judgment would have been necessary pending another trial or another judgment.

The appeal from the judgment and the appeal from the order denying the motion to set aside the judgment and for a new trial are now pending in this court. Arguments on the appeal from the judgment and the motions after judgment were had at our bar on November 11, 1938. Decision on these appeals will be reserved pending the settlement and the return to this court of the bill of exceptions.

*By the Court.*—The order appealed from is reversed, and the circuit court for Kenosha county is directed to grant the motion to extend the time for settling and serving a bill of exceptions and to settle the same. The clerk of this court is directed to return the record to the circuit court for Kenosha county so that a bill of exceptions may be settled. The clerk of the circuit court for Kenosha county is directed to return the record to this court as soon as the bill of exceptions shall have been settled and served.