BECKER, Plaintiff, vs. SMITH and another, Defendants. [Two appeals.]

*February 4—March 11, 1941.*

*Max H. Karl* of Milwaukee, for the plaintiff.

For the defendants there were briefs by *Bitker & Puchner* of Milwaukee, and oral argument by *Irving Puchner*.

ROSENBERRY, C. J.   Judgment having been entered on March 16, 1940, and written notice of the entry having been given on that day, the statute, sec. 270.47, provides that the

service of the proposed bill of exceptions "must be made within ninety days after service of such notice." The time for serving the bill of exceptions therefore expired on June 14, 1940.

Sec. 269.45, Stats., provides:

"The court or a judge may, upon notice and good cause shown by affidavit and upon just terms, extend the time within which any act or proceeding in an action . . . must be taken. . . ."

In *Johnson v. Retzlaff* (1929), 200 Wis. 1, 4, 227 N. W. 236, this court held that an extension of time under this section was not to be granted to a litigant as a matter of grace. The court said:

"It is plain if we are to do no more than to express our disapproval of the enlargement of the time within which to settle a bill of exceptions by the trial court in the absence of any showing of cause and proceed with the consideration of the merits of the case, that then, too, the statute may as well be repealed and all rules upon the subject abolished."

The trial court in its decision granting the order extending the time said:

"The testimony was transcribed and ready for delivery in the month of May, but was not delivered because plaintiff, as he alleges in his affidavit for extension, was unable to pay the fee therefor of $56.25. Plaintiff is engaged in the business of operating a tavern and bowling alley. He alleges that the spring and summer are the slack months in his business and that he has been unable until this time to make the payment required to get the transcript. Considering that no prejudice will result and the showing made, I consider that the delay has been for good reason. *Kisten v. Kisten,* 229 Wis. 479. I have in mind also that this court is vested with some measure of discretion in the matter of granting extensions of the time to file bills of exceptions."

The affidavit of the plaintiff, so far as material upon this issue, is as follows:

"That such bill of exceptions as prepared by said E. J. Koester was ready and available to this affiant some time in May of 1940, but this affiant found himself without the necessary funds to obtain said bill of exceptions; that he was without funds available for this purpose since he contemplated and decided upon an appeal from the judgment herein; that at the time he commenced this appeal he anticipated that he might be able to obtain such funds.

"That this affiant is engaged in the business of operating a tavern and bowling alley; that the major portion of his year's income is derived through the fall and winter months as a result of bowling activities, and the spring and summer months provide him with a very small income to meet his business overhead and immediate personal necessities; that a substantial license fee for the operation of his business was due and payable during the summer, which was necessary for the continuation of his business and means of livelihood, and the payment of which made it impossible to meet the expense in connection with the preparation of the bill of exceptions.

"That although this affiant is not insolvent, efforts to obtain loans from various sources failed, and that he finally did obtain a loan to meet the cost of the bill of exceptions on July 1, 1940, and that on said date this affiant promptly proceeded to obtain delivery of the bill of exceptions."

It appeared upon the hearing that during the year 1939 the plaintiff did a gross business of $20,146.65 and made a net profit of $3,810.56. It also appears that for the first five months of 1940 the plaintiff did more business than during the year 1939.

It is considered that the facts stated by the plaintiff in his affidavit do not establish "good cause." At the very best they constitute a mere excuse for procrastination. While it is true in this case a term was not lost, the character of plaintiff's excuse is not altered by the effect it has if good cause is not shown. If good cause is shown the court may very properly consider the consequences in the exercise of its discretion. It is putting the cart before the horse to say that the consequences are a good cause for failure to comply with

the statute. Mere convenience of a party is not sufficient cause for extending the time. If it constitutes good cause in one case it does in other cases even though a term may be lost. Nine out of ten litigants could in all probability make such an affidavit as the plaintiff made in this case. The court should have denied plaintiff's application. The bill of exceptions must be stricken and, as the pleadings and findings sustain the judgment, the judgment must be affirmed.

*By the Court.*—The order appealed from is reversed, bill of exceptions is stricken from the record, and the judgment appealed from is affirmed.