MILLAR, Appellant, vs. CITY OF MADISON, Respondent.

*March 9—April 13, 1943.*

For the appellant there was a brief by *Sauthoff, Hansen, O'Brien & Kroncke* of Madison, and oral argument by *George Kroncke.*

For the respondent there was a brief by *Harold E. Hanson,* city attorney, and *Alton S. Heassler,* assistant city attorney, and oral argument by *Mr. Heassler.*

ROSENBERRY, C. J.    Before we proceed to a consideration of the questions raised on appeal from the judgment we must dispose of defendant's appeal from an order entered on September 23, 1942, enlarging the time within which a bill of exceptions might be settled.    Judgment was entered on April 10, 1942, and notice of entry thereof served on April 11, 1942.    There was a motion for review, and on June 8, 1942, the court affirmed the judgment originally entered.

On September 16, 1942, more than five months after entry of judgment, plaintiff obtained an order to show cause why the time for serving and settling a bill of exceptions should not be extended.    From the petition and affidavit it appears that at all times material, the firm of Hansen, O'Brien & Kroncke were plaintiff's attorneys.    Mr. O'Brien handled the case in the trial court.    During June, O'Brien was in his office at one and two-day periods to a total of ten days, and on July 1, 1942, he went to work for the United States government.    The bill of exceptions could have been prepared by other members of the firm, but up to September 14, 1942, no bill of exceptions had been prepared nor had the appeal been taken.    From the affidavits offered in opposition to the motion, it appears that the court reporter was available at all times to transcribe the testimony but had not been requested to do so up to September 1, 1942.

The court made the following order:

"It is ordered that said plaintiff have leave to serve his proposed bill of exceptions and to have the same settled according to the rules and practice of this court and for that purpose the

time for serving such proposed bill of exceptions is hereby enlarged and extended to and inclusive of the 3d day of October, 1942."

Neither in the recital nor in the order did the court find or state that good cause was shown for enlarging the time. That fact if it exists should appear in the record. Sec. 269.45, Stats., requires that the court may upon notice and good cause shown extend the time within which any act or proceeding must be taken. The reason why the statute requires good cause to be shown is obvious. In many instances judges were prone to extend the time within which an action was to be performed merely as an act of grace or favor. This resulted in long and unnecessary delays. Good cause does not mean the same thing as a poor excuse. It has been urged that judges are often prone to grant such motions because otherwise it might be inferred that they do not want the matter brought before the appellate court. Such a feeling may do credit to the sentiments of the judge but it does not constitute good cause.

We have repeatedly called attention to the importance of the enforcement of this rule. *Ward v. Racine College* (1922), 176 Wis. 168, 185 N. W. 635; *Johnson v. Retzlaff* (1929), 200 Wis. 1, 227 N. W. 236; *Eskelinen v. Northwestern C. & S. Co.* (1930) 202 Wis. 100, 230 N. W. 33; *Meyers v. Thorpe* (1938), 227 Wis. 200, 278 N. W. 462; *Becker v. Smith* (1941), 237 Wis. 322, 296 N. W. 620.

It quite clearly appears that the real cause in this case for the failure to act more promptly was due to the fact that the plaintiff could not make up his mind whether he wished to appeal. The case was a simple one, the record was short, the questions at issue are plain and clearly disclosed. The showing does not amount to even an excuse for failure to comply with the rule. The pleadings and findings clearly support

the judgment. The only question sought to be raised was the sufficiency of the evidence to support the findings. The bill of exceptions not being properly before us, the judgment must be affirmed.

*By the Court.*—The order appealed from is reversed. The bill of exceptions is stricken and the judgment is affirmed.