STATE, Respondent, vs. RAINES, Appellant.

*May 28—July 1, 1948.*

*Lowell T. Thronson,* attorney, and *Frederick F. Hillyer* of counsel, both of Madison, for the appellant.

For the respondent there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *Edwin M. Wilkie,* district attorney of Dane county, and oral argument by *Mr. Platz* and *Mr. Wilkie.*

HUGHES, J.    Three questions are raised upon this appeal.

First.    Does the time for serving a bill of exceptions in a criminal case commence to run when sentence is imposed and commitment executed, or is a written notice of entry of judgment required to start the time running?

It appears that this question has always been treated as purely one of statutory procedure—that actual knowledge of the entry of judgment is immaterial—and unless the notice of entry of judgment is served, the time for settling the bill of exceptions does not start to run.

"If a notice of appeal be construed as a sufficient 'written notice of the entry' of judgment, then the service of any writing which refers to the judgment, as does the notice of appeal, would be sufficient to set the time for settling a bill of exceptions running. Such a writing would not meet the requirements of the statute. The statute requires a definite form of notice. The sixty-day period within which to settle a bill of exceptions does not begin to run until a notice which is in the form prescribed by statute has been served." *Eskelinen v. Northwestern C. & S. Co.* (1930) 202 Wis. 100, 102, 230 N. W. 33.

In *State v. Mueller* (1936), 220 Wis. 435, 437, 265 N. W. 103, the state moved to dismiss the appeal on the grounds that no bill of exceptions was settled until nine months after judgment was rendered. The court said:

"Service of such a notice is necessary in order to fix the time for commencement of that period of ninety days. As no such notice was ever served in the case at bar, no time was ever fixed for the commencement of that period of ninety days; and, as it had not even commenced to run, it could not have expired when the proposed bill of exceptions was served on July 19, 1935."

This likewise disposes of the state's second point that the trial court erred in extending the time to settle the bill of exceptions. The defendant had a right to settle the bill independent of the orders of the trial court enlarging the time since no notice of the entry of judgment had here been served.

The chief question raised on this appeal is whether the remarks of the district attorney constitute prejudicial error requiring a new trial.

While we do not approve of district attorneys making improper remarks on argument, we must recognize that there was a certain air about the testimony of defense witnesses which might invite comment.

The constitution grants to the accused the right to refuse to be a witness. If a defendant wishes to exercise this right,

he ought to do so openly and without camouflage or subterfuge.

At the close of the district attorney's argument the trial court denied a defense motion for a mistrial because of the offensive comment of counsel; specifically admonished the jury that it was to disregard the remark because it was improper; advised that the defendant has the right not to testify for any reason that he sees fit and no presumption is raised against him because he does not testify; and that the jury was to draw no inference of guilt from the fact that he had not testified.

Again in its formal instructions the trial court covered the subject explicitly. We are of the opinion that the defendant's right to a fair trial was not impaired by the incident, and that whatever error was originally committed was corrected by the trial court's rebuke and instructions.

*By the Court.*—Judgment affirmed.

MARTIN, J., took no part.