O'HARE, Respondent, vs. FINK, Appellant.

*November 16—December 15, 1948.*

66

For the appellant there was a brief by *Coe & Cameron* of Rice Lake, and oral argument by *William A. Cameron.*

For the respondent there was a brief by *Doar & Knowles* of New Richmond, and oral argument by *W. T. Doar.*

HUGHES, J. Notice of entry of the judgment was served February 3, 1948. The statutory time for settling the bill of exceptions expired May 3, 1948. Upon a stipulation signed by attorneys for both parties that cause therefor existed, the trial court extended the time for settling the bill to June 17th. The judge, by *ex parte* order, then extended the time to July 17th, and by a second *ex parte* order again extended the time to July 29th.

On July 26, 1948, plaintiff obtained an order requiring the defendant to show cause why the time should not be further extended to July 31, 1948. The hearing upon this order to show cause was held on July 30th, at which time an order was entered extending the time to settle the bill of exceptions to July 31st. It is this last order that is the subject of this appeal.

The plaintiff contends that this is not an appealable order because it was signed by G. N. RISJORD, circuit judge, without any designation that it was by the court. The point is made

that it is therefore an order of the judge and under the statute not appealable. With this contention we are unable to agree.

The order to show cause under which the defendant was required to appear in court, and the holding of a formal hearing at which both parties presented their respective contentions to the judge, called for a judicial determination of the issue presented, and when the order was made it was an action by the court. The failure of the court to designate in the order that it was by the court cannot change the nature of the proceeding.

In *Swarthout v. Swarthout* (1901), 111 Wis. 102, 106, 86 N. W. 558, this court said:

"Whether the determination of a court is an order or a judgment within the meaning of the appeal statute, cannot always be solved by mere form. The nature of the adjudication and of the proceeding must be considered."

The affidavit of the plaintiff's attorney upon which the trial court granted the extension set forth that the delay in procuring the bill of exceptions was due to conditions over which he had no control; that there had been negotiations for a settlement; and that a part of the delay was due to the fact that the court reporter, one Alan E. Greene, was unable to get out the transcript when ordered. The affidavits of opposing counsel indicate that any negotiations for settlement of the judgment had reached such point that on May 8, 1948, the attorney for the plaintiff wrote to the defendant's counsel:

"I note what you say concerning your client's attitude toward the above case, and, accordingly, I assume there is nothing for us to do but proceed with the appeal."

On June 4th the defendant's attorney offered $100 in settlement as a final proposition, and there were no negotiations thereafter.

The affidavit of Alan E. Greene, the court reporter, stated that he did not receive an order for the transcript until June 10, 1948; that from the time of the receipt of that order until June 21st he was busy with other court matters and was un-

able to start work on the transcript, but that he completed the transcript on July 10, 1948. He also stated in his affidavit that from February 3d until June 10th he was entirely free to have gotten out the transcript if one had been ordered.

There appears to be nothing in the record to justify the extension of the time for the settlement of the bill of exceptions in this case. As has been repeatedly stated, it is important that the rule requiring the settlement of the bill of exceptions within the ninety-day period in the absence of sufficient cause for extension, be enforced. *Ward v. Racine College* (1922), 176 Wis. 168, 185 N. W. 635; *Johnson v. Retzlaff* (1929), 200 Wis. 1, 227 N. W. 236; *Eskelinen v. Northwestern C. & S. Co.* (1930) 202 Wis. 100, 230 N. W. 33; *Meyers v. Thorpe* (1938), 227 Wis. 200, 278 N. W. 462; *Becker v. Smith* (1941), 237 Wis. 322, 296 N. W. 620.

"Neither in the recital nor in the order did the court find or state that good cause was shown for enlarging the time. That fact if it exists should appear in the record. Sec. 269.45, Stats., requires that the court may upon notice and good cause shown extend the time within which any act or proceeding must be taken. The reason why the statute requires good cause to be shown is obvious. In many instances judges were prone to extend the time within which an action was to be performed merely as an act of grace or favor. This resulted in long and unnecessary delays. Good cause does not mean the same thing as a poor excuse. It has been urged that judges are often prone to grant such motions because otherwise it might be inferred that they do not want the matter brought before the appellate court. Such a feeling may do credit to the sentiments of the judge but it does not constitute good cause." *Millar v. Madison* (1943), 242 Wis. 617, 619, 9 N. W. (2d) 90.

The facts stated in the affidavit of the plaintiff's attorney were insufficient to establish cause for an extension of the time to settle the bill of exceptions.

*By the Court.*—Order reversed and the bill of exceptions stricken from the record.