Stolper Steel Products Corporation, Appellant, v. Behrens Manufacturing Company, Inc., Respondent.

*October 7—November 3, 1959.*

For the appellant there was a brief by *Poss, Toelle & Schuler,* and oral argument by *John H. Ames,* all of Milwaukee.

For the respondent the cause was submitted on the brief of *A. Warren Cahill* of Waukesha.

MARTIN, C. J.   Judgment was entered on September 10, 1958, on which date a conformed copy thereof was served on defendant's attorney.   No written notice of entry of judgment was ever served.

Sec. 270.47, Stats., provides:

"After judgment is perfected either party may serve upon the other a written notice of the entry thereof; and service of a proposed bill of exceptions, by either party, must be made within ninety days after service of such notice. If a bill of exceptions be proposed with a view to an appeal from an order it must be served within ninety days after service of a copy of such order and written notice of the entry thereof."

The trial court held that service of a copy of the judgment constituted notice of entry of judgment and that thus the time for serving the bill of exceptions commenced to run on September 10, 1958, and expired on December 9, 1958; that since the proposed bill of exceptions was not served until February 18, 1959, it was not presented within the ninety-day period required by the statute.

In *State v. Raines* (1948), 253 Wis. 143, 144, 33 N. W. (2d) 266, on the question whether a written notice of entry of judgment is required, this court said:

"It appears that this question has always been treated as purely one of statutory procedure—that actual knowledge of the entry of judgment is immaterial—and unless the notice of entry of judgment is served, the time for settling the bill of exceptions does not start to run."

See also *Eskelinen v. Northwestern C. & S. Co.* (1930), 202 Wis. 100, 230 N. W. 33.

No written notice of entry of judgment was ever served in this case.   Under circumstances which were virtually the same as here this court said in *State v. Mueller* (1936), 220 Wis. 435, 437, 265 N. W. 103:

"Sec. 270.47, Stats., requires that service of a proposed bill of exceptions for an appeal from a judgment must be made within ninety days after service of a written notice of the entry of judgment. Service of such a notice is necessary in order to fix the time for commencement of that period of ninety days. As no such notice was ever served in the case at bar, no time was ever fixed for the commencement of that period of ninety days; and, as it had not even commenced to run, it could not have expired when the proposed bill of exceptions was served . . ."

As pointed out in the cases above referred to, there must be strict compliance with the statute. The notice required is "written notice of entry" of judgment. Any other notice, whether actual or constructive, does not set the time running for settlement of a bill of exceptions.

*By the Court.*—Order reversed, and cause remanded with instructions to enter an order permitting the plaintiff to settle the bill of exceptions.