JOLITZ and others, Respondents, v. GRAFF and another, Appellants.

*November 3—November 29, 1960.*

For the appellants there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Clayton R. Hahn* of counsel, all of Milwaukee, and oral argument by *Mr. Hahn.*

For the respondents there was a brief and oral argument by *Daniel D. Sobel* of Milwaukee.

DIETERICH, J. The only question before this court is whether or not an extension of time should be granted plaintiffs' attorney to serve the proposed bill of exceptions.

Sec. 270.47, Stats. 1957, provides that a proposed bill of exceptions must be made within ninety days after the service of the notice of entry of judgment.

"TIME FOR SERVICE OF BILL OF EXCEPTIONS. After judgment is perfected either party may serve upon the other a written notice of the entry thereof; and service of a proposed bill of exceptions, by either party, must be made within ninety days after service of such notice. If a bill of exceptions be proposed with a view to an appeal from an order it must be served within ninety days after service of a copy of such order and written notice of the entry thereof."

In the instant case notice of entry of judgment was served upon plaintiffs' attorney on October 5, 1959. The time to serve the proposed bill of exceptions expired on January 4, 1960. No effort to serve said document was made until March 30, 1960, more than one hundred seventy days after service of the notice of entry of judgment.

Sec. 269.45 (1), Stats. 1957, states that before the time in which to serve the bill of exceptions expires, the time for service may be extended by the court or a judge. Sec. 269.45 (1) provides:

"The court or a judge may with or without notice, for cause shown by affidavit and upon just terms and before the time has expired, extend the time within which any act or proceeding in an action or special proceeding must be taken, except the time for appeal."

After the expiration of the ninety-day period, the time may be enlarged in accordance with sec. 269.45 (2), Stats. This section permits the court in its discretion, for a like cause, upon notice, to extend the time where the failure to act was the result of excusable neglect. It provides:

"After the expiration of the specified period or as extended by any previous order, the court may in its discretion, for like cause, upon notice, extend the time where the failure to act was the result of excusable neglect; except the time for appeal."

The plaintiffs' attorney supported his motion for the extension of time with an affidavit, which in essence stated the affiant was busy with legal matters outside the state of Wisconsin, and because of the press of business could not attend to the matter at hand within the statutory ninety days.

Sec. 269.45 (1) and (2), Stats., confers discretionary authority on the trial court for cause shown by affidavit and upon just terms and upon notice to extend the time where the failure to act was the result of excusable negligence. It was the opinion of the trial court that the affidavit of the plaintiffs' attorney did not support grounds for an extension of time to serve the proposed bill of exceptions, and we agree. *Valentine v. Patrick Warren Construction Co.* (1953), 263 Wis. 143, 56 N. W. (2d) 860.

The affidavit of plaintiffs' attorney for an extension of time stated that the press of other business prevented more-prompt attention to the appeal. This "does not amount to even an excuse for failure to comply with the rule." *Millar v. Madison* (1943), 242 Wis. 617, 619, 9 N. W. (2d) 90.

The record shows the plaintiffs' attorney had a completed transcript in his possession November 5, 1959. It would seem that sometime between November 5, 1959, and January 4, 1960, a two-month period, he could have served the proposed bill of exceptions. *Meyers v. Thorpe* (1938), 227 Wis. 200, 278 N. W. 462.

The trial court while refusing to grant an extension of time to serve the proposed bill of exceptions, based on the affidavit of plaintiffs' attorney, exercised its discretion and granted the extension on the basis that the guardian *ad litem* appointed by the court was not served with a copy of the pleadings, proceedings, or notice of entry of judgment, and in his written opinion stated that "good practice would appear to decree that he should be served with all such papers, notwithstanding the absence of specific statutory provisions."

The guardian *ad litem* was appointed pursuant to secs. 260.22 and 260.23, Stats., at the instance of the plaintiffs' attorney at the time he commenced this action. The failure of the guardian *ad litem* to be informed of the proceedings is not chargeable to the defendants, but results from a lack of communication between the plaintiffs' attorney and the guardian *ad litem*.

There is no statutory requirement that the guardian *ad litem* be served with the notice of entry of judgment or any of the pleadings.

The statute authorizing the trial court to enlarge the time in which to serve the bill of exceptions prescribes the only grounds upon which the enlargement can be granted. The enlargement must be based upon a finding of cause or excusable neglect. There are no other exceptions. When the court determines that there is no cause or excusable neglect, the denial of the motion must follow as a matter of law. *Meyers v. Thorpe, supra.*

This court stated in *Johnson v. Retzlaff* (1929), 200 Wis. 1, 3, 227 N. W. 236:

"The statute, sec. 269.45, authorizes the entry of such an order only on good cause shown. It is not a favor to be granted to a litigant as a matter of grace. The statute limits the time within which a bill of exceptions may be settled."

See *Will of Stanley* (1938), 228 Wis. 530, 280 N. W. 685.

The order granting enlargement of the time to serve the bill of exceptions, based on the failure of the guardian *ad litem* to be served with notice of entry of judgment or any of the pleadings, is reversed.

*By the Court.*—Order reversed.