JOLITZ, by Guardian *ad litem,* and others, Appellants, v. GRAFF and another, Respondents.*

*March 6—April 4, 1961.*

* Motion for rehearing denied, with $25 costs, on June 6, 1961.

For the appellants there was a brief and oral argument by *Daniel D. Sobel* of Milwaukee.

For the respondents there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Clayton R. Hahn* of counsel, all of Milwaukee, and oral argument by *Mr. Hahn.*

MARTIN, C. J.    A prior appeal was taken by defendants from an order of the circuit court enlarging the time in which to serve the bill of exceptions. The order was reversed, *Jolitz v. Graff* (1960), 12 Wis. (2d) 52, 106 N. W. (2d) 340, and the present appeal from the judgment comes to

this court without a bill of exceptions. Appellants advance several arguments on the basis of the verdict, the instructions, and the opinion of the trial court.

Respondents contend that the court's charge to the jury is not part of the record before this court. However, in *Klassa v. Milwaukee Gas Light Co.* (1956), 273 Wis. 176, 188, 77 N. W. (2d) 397, this court said:

"We hold that the charge to the jury properly constitutes part of the record without the necessity of being incorporated in a bill of exceptions."

From the opinion of the trial court the following facts appear: The minor Jerome Jolitz was fourteen years old at the time of the accident, his brother Roy was thirteen. At about 6 p. m. on February 3, 1957, Kenneth Graff, with a Mr. Woods as guest, was driving west on West Greenfield avenue, a three-lane highway, in the vicinity of South Ninety-Ninth street in the city of West Allis. Said street narrows to two lanes as it crosses a bridge. West Greenfield, for traffic proceeding west, slopes downward toward the bridge from the crest of a hill about 80 feet east of the east edge of the bridge. Graff testified that a bus passed him traveling west as he was about to drive onto Greenfield avenue from South Eighty-Second street; that he approached the crest of the hill at a speed of about 25–28 miles per hour; that there was considerable traffic going in both directions; that when he reached the crest of the hill he saw the two boys about 80 feet ahead of him, jammed on his brakes, and struck the boys. The impact occurred on the bridge about 15 feet west of the east end of the bridge in the north lane of West Greenfield. Graff further testified that his automobile traveled about one-half car length after the impact.

One Ray Slowey, a police officer, testified he made measurements at the place of the collision, which showed

Graff's automobile came to a stop 10 to 17 feet east of where the first boy was lying; that the automobile had traveled 60 feet on the bridge; that the crest of the hill was 150 to 160 feet east of the east edge of the bridge; that the boys lay 67 and 61 feet, respectively, west of the east edge of the bridge.

One Julia Ziolkowski testified she was driving east on West Greenfield when the accident happened; that she saw the two boys walking west in about the center of the bridge in the north lane; there was a snowbank along the north curb of the bridge; there was no snow on the north sidewalk; that Graff was not traveling fast and his headlights were on; the boys were walking about two feet south of the snowbank in the north lane and appeared to make a half turn just before the collision and that they either slipped or fell.

Woods, Graff's passenger, testified he saw the two boys walking in the north lane side by side, to the south of the snowbank at the north curb; just before the impact Graff was traveling 20 to 25 miles per hour; when Woods saw the boys he called out and Graff applied his brakes immediately. On cross-examination he testified Graff had applied his brakes before Woods exclaimed "Watch out," or at the same time.

Appellants contend the special verdict contained duplicitous questions as to the negligence of the boys. We will not reach that question. No negligence was found on Graff by the jury, and if we were to find him negligent as a matter of law, a new trial would be necessary.

The jury found Graff free of negligence in all respects as to which the verdict inquired—speed, lookout, management and control, and failure to sound his horn. It found each of the boys causally negligent as to lookout and failure to use the sidewalk. The court found the boys negligent as

a matter of law as to their position on the highway and the jury, by virtue of other answers in the special verdict, was not required to answer the corresponding cause questions.

In its decision the trial court set forth facts sufficient to show that the boys were negligent as a matter of law as to position on the highway. We cannot agree with appellants that this was a question for the jury. There was no dispute as to where they were walking on the highway and that there was a sidewalk on the north side of the bridge free from snow which they could have used.

Appellants argue that Graff was negligent as to speed, lookout, and management and control as a matter of law. We cannot agree. Different inferences could reasonably be drawn from the evidence. We must assume to every reasonable extent that the verdict is supported by the evidence; if there are any circumstances which in any reasonable view entitled the jury to find as it did, we must take them to be the fact.

At the east edge of the bridge there was a snowbank three to four feet high and along the north curb of the bridge extending into Graff's lane of travel; there was heavy traffic; cars had their headlights on; traffic was converging from three lanes into two. All these things demanded Graff's attention. The boys, according to the witness Ziolkowski, appeared to turn, slip, and fall. Under all the circumstances we cannot say as a matter of law that Graff was negligent in any respect; his negligence was a question for the jury and it was entitled to find as it did.

Appellants contend it was error for the trial court to give the following instruction on the question relating to Graff's failure to blow his horn:

"With respect to subdivision (d) of the first question, which inquires as to whether or not the defendant, Kenneth Graff, was negligent in failing to sound his horn at and just prior to the collision in question, you are instructed that

there was in full force and effect sec. 85.67 (2), Wisconsin statutes, which reads in part as follows:

" 'Horns and warning devices. Every motor vehicle, when operated upon a highway, shall be equipped with a horn in good working order, capable of emitting sound audible under normal conditions for a distance of not less than 200 feet . . .'

"This subdivision (d) of question 1 presents a pure question of fact. You will answer it as you find from the greater weight of the credible evidence, to a reasonable certainty, the fact to be."

It is argued that the instruction was not applicable to the facts and was misleading to the jury. Graff admitted he did not sound his horn, and the jury found this failure not negligent.

We do not see how the instruction could mislead the jury when considered in connection with the evidence set forth in the opinion of the trial court in that regard. The statutory requirement is that automobiles be equipped with horns of a certain capacity. Obviously, the horn is a warning device. Graff testified he did not blow his horn. It was for the jury, considering all the facts and circumstances, to determine whether that failure constituted negligence. On the basis of the facts before this court, we cannot hold such failure was negligence as a matter of law.

*By the Court.*—Judgment affirmed.