Paul JOHNS, Plaintiff-Appellant,

Patricia JOHNS, Plaintiff,

v.

COUNTY OF ONEIDA, Jennie Huber and Kenneth Clark,
Defendants-Respondents.

Court of Appeals

*No. 95–2752–FT. Submitted on briefs February 20,
1996.—Decided April 9, 1996.*

(Also reported in 549 N.W.2d 269.)

601

For the plaintiff-appellant the cause was submitted on the briefs of *Michael J. Stingl* of *Eckert & Stingl*, Rhinelander.

For the defendants-respondents the cause was submitted on the brief of *Lawrence R. Heath*, corporation counsel, Rhinelander.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Paul Johns appeals a judgment dismissing Paul and Patricia Johns'[1] complaint against Oneida County, Jennie Huber, the Oneida County treasurer, and Kenneth Clark.[2]

Johns contends the trial court erroneously exercised its discretion when it denied the Johns' motion for default judgment against the County and Huber based upon their failure to file a timely answer to the complaint. Johns argues that the trial court is

---

[1] Although Patricia Johns was a plaintiff in this case, she did not join in the appeal.

[2] This is an expedited appeal under RULE 809.17, STATS.

compelled to grant a default judgment upon a showing that the answer is untimely in the absence of excusable neglect. Because we conclude that the trial court properly exercised its discretion when it denied the default judgment, the judgment is affirmed.

In 1991, Oneida County commenced a tax lien foreclosure on Paul and Patricia Johns' property. The last day for redemption was in February 1992 and in April 1992, Oneida County obtained title by default judgment. The County then sold the property to Clark. In September 1994, the Johns commenced a suit against Oneida County, Huber and Clark alleging that the foreclosure judgment was defective because Huber did not file the proper affidavit required by § 75.521(3)(c), STATS.[3] The Johns requested that the tax sale be set aside and adjudged void or, in the alternative, they be allowed to share in the proceeds obtained by Oneida County from the sale.

Corporation counsel failed to answer on behalf of the County and Huber until nine days after the twenty-day period for answering expired. The answer denied

---

[3] Section 75.521(3)(c), STATS., provides:

A copy of the petition and so much of the list of tax liens as shall include the description of a particular parcel shall be mailed by registered or certified mail, return receipt requested, by the county treasurer to the last-known post-office address of each owner and mortgagee of record, the state of Wisconsin in the instances specified in par.(am)2., and to each municipality, other than the foreclosing county, having any right, title or interest in the land or in the tax liens or the proceeds thereof. An affidavit of the treasurer setting forth the names of the owners, mortgagees, the state of Wisconsin in the proper case and municipalities for whom a post-office address has been ascertained, giving the addresses and stating that notice was mailed, giving the date of mailing, and stating that no present post-office address was ascertainable for the other owners and mortgagees, shall be filed and constitute full compliance with this paragraph.

the allegation that Huber failed to file the proper affidavit and raised several affirmative defenses including failure to state a claim upon which relief could be granted and failure to comply with the statute of limitations. The County further contended that proper notice was served in accordance with § 75.521(3)(c), STATS., because it was sent by certified mail to the Johns' last known address. The Johns filed a motion to strike the answer as untimely and moved for a default judgment.

At the motion hearing, corporation counsel explained that the delay in filing the answer was caused by a miscalculation in his office of the twenty-day time period, possibly because Clark was not served a copy of the summons and complaint until almost twenty days following service on the County and Huber. Corporation counsel said his office may have inadvertently measured the time for answering from the date of service on Clark rather than from the date of service on the County and Huber.

The trial court extended the time for filing an answer and denied the Johns' motion for a default judgment concluding that extraordinary circumstances existed under § 806.07(1)(h), STATS. The trial court subsequently denied the Johns' motion for summary judgment and granted summary judgment to the defendants concluding that the County met the procedural requirements of § 75.521(3)(c), STATS., and if the Johns did not have notice of the previous proceedings, it was due to their own failure to advise the County of their new address.

██

Johns contends that upon a showing of a failure to answer within the statutory period the court is compelled to grant a default judgment unless the

answering party can demonstrate excusable neglect, citing *Hedtcke v. Sentry Ins.*, 109 Wis. 2d 461, 326 N.W.2d 727 (1982), and *Martin v. Griffin*, 117 Wis. 2d 438, 344 N.W.2d 206 (Ct. App. 1984). Whether the trial court was compelled to grant a default judgment based upon the showing made by the Johns presents a question of law that we review without deference to the trial court's determination because it involves the application of statutes to uncontested facts. *See Midwest Developers v. Goma Corp.*, 121 Wis. 2d 632, 651, 360 N.W.2d 554, 564 (Ct. App. 1984).

Section 806.02(1), STATS.,[4] confers discretion upon the trial court in deciding whether to grant default judgment, and its exercise of discretion will be affirmed on appeal unless a clear abuse is shown. *Riggs Marine Serv., Inc. v. McCann*, 160 Wis. 2d 846, 850, 467 N.W.2d 155, 157 (Ct. App. 1991). As long as the trial court's exercise of discretion represents a proper application of the law and is a determination a reasonable judge could reach, it must be affirmed. *Baird Contracting v. Mid Wis. Bank of Medford*, 189 Wis. 2d 321, 324, 525 N.W.2d 276, 277 (Ct. App. 1994).

We conclude that a trial court properly exercises its discretion in denying a motion for default judgment when it determines the judgment would be reopened under § 806.07, STATS. "[I]t would be useless waste if in such a situation, the court was compelled to enter the default judgment and then to immediately entertain a motion to set it aside on the very same grounds which

---

[4] Section 806.02(1), STATS., provides: "A default judgment may be rendered as provided in subs. (1) to (4) if no issue of law or fact has been joined and if the time for joining issue has expired. Any defendant appearing in an action shall be entitled to notice of motion for judgment."

are urged for his refusing to enter it in the first place."
*Willing v. Porter*, 266 Wis. 428, 430, 63 N.W.2d 729,
731 (1954) (trial court properly exercised its discretion
in allowing defendant to answer and denying default
judgment when defendant made showing of excusable
neglect and meritorious defense to be relieved from
default under § 269.46(1), STATS., 1951 (now
§ 806.07(1)(a), STATS.)). Because granting the default
judgment and then reopening the judgment under
§ 806.07 would be a needless formality that would
unnecessarily consume time and resources, we
conclude the trial court could properly deny a default
judgment if it determined it would reopen the
judgment under § 806.07.

In this case, the trial court denied the default
judgment because it determined that, if granted, the
court would subsequently reopen the judgment based
on the existence of extraordinary circumstances under
§ 806.07(1)(h), STATS. The trial court therefore
considered whether it would reopen a default judgment
based on § 806.07, and not whether the untimely
answer was the result of excusable neglect. Therefore,
we conclude that *Hedtcke* and *Martin* are inapposite to
the issues before us because they deal with excusable
neglect and not whether a trial court could properly
deny a default judgment if it determined such a
judgment would be reopened under § 806.07.[5]

---

[5] We also recognize that § 801.15(2), STATS., provides that if
a motion to enlarge the time to answer is made after the
expiration of the specified time, the court shall not grant the
motion unless the court finds the failure to act was the result of
excusable neglect. We conclude that § 801.15(2) applies to
issues involving excusable neglect and does not limit the court's
discretion in determining whether the proposed default
judgment would be reopened under § 806.07, STATS.

Next, we must determine whether sufficient circumstances exist in this case under § 806.07, STATS., to reopen a judgment if one were granted. If such circumstances exist, it would justify the trial court's denial of the Johns' motion for default judgment. Section 806.07(1) provides:

> On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order, or stipulation for the following reasons:
>
> (a)  Mistake, inadvertence, surprise, or excusable neglect;
>
>      . . . .
>
> (h)  Any other reasons justifying relief from the operation of the judgment.

The trial court has broad discretion in deciding whether to reopen a judgment under § 806.07, STATS. *State ex rel. M.L.B. v. D.G.H.*, 122 Wis. 2d 536, 541, 363 N.W.2d 419, 422 (1985). "Subsection (h) is written in broad terms and obviously extends the grounds for relief beyond those provided for in the preceding subsections . . . ." *Id.* at 544, 363 N.W.2d at 423. The appropriate way to approach claims for relief under § 806.07(1)(h) is to apply the "extraordinary circumstances" test. *Id.* at 549, 363 N.W.2d at 425. Under this test, the court must consider whether extraordinary circumstances exist which justify relief in the interests of justice. *Id.* at 552-53, 363 N.W.2d at 427. The test should not be interpreted so broadly as to erode the concept of finality, or so narrowly that it does not provide relief for truly deserving claimants. *Id.* The court should consider a wide range of factors relevant

607

to the competing interests of finality of judgments and relief from unjust judgments, including the following:

> whether the judgment was the result of the conscientious, deliberate and well-informed choice of the claimant; whether the claimant received the effective assistance of counsel; whether relief is sought from a judgment in which there has been no judicial consideration of the merits and the interest of deciding the particular case on the merits outweighs the finality of judgments; whether there is a meritorious defense to the claim; and whether there are intervening circumstances making it inequitable to grant relief.

*Id.*

Here, the trial court reasonably exercised its discretion when it determined that extraordinary circumstances existed which would warrant reopening the judgment. The first and most compelling factor is that the Johns' suit is a collateral attack upon a foreclosure judgment entered three years previously. The Johns sought to reassert their title to the property by voiding the judgment granting title to the County. The collateral attack against the County, however, could not achieve the relief sought because the property had been conveyed by the County to Clark. A judgment affecting the County's title would not resolve the dispute of title between Clark and the Johns. The granting of a default judgment here would have fomented further litigation, would not have resolved the issues between these parties and would have confused the ultimate issue of who is the true owner of the property. The granting of a default judgment also would have vacated the effectiveness of a previous judgment entered by another court on the precise issue

sought to be litigated in this case. We agree with the trial court that a default judgment in this case would have created mischief rather than resolve the issues between the parties.

Second, the County and Huber asserted a meritorious defense to the Johns' claim. The Johns' complaint was based upon their allegation that Huber failed to file the proper affidavit required by § 75.521(3)(c), STATS. The County and Huber denied the allegation that Huber failed to file the proper affidavit and further contended that proper notice was served under § 75.521(3)(c) as it was sent by certified mail to the Johns' last known address. Apparently, the Johns moved without informing the County of their new address.

Finally, the delay in this case was nine days rather than the extended tardiness involved in *Martin*, the delay appeared to be inadvertent rather than deliberate, and there is no evidence that the delay prejudiced the Johns in any way as the time for answering by another defendant had not yet expired. These additional factors also support the reopening of the proposed default judgment under § 806.07(1)(h), STATS.

Based on the foregoing factors, we conclude the trial court properly exercised its discretion when it determined it would reopen the proposed default judgment under § 806.07(1)(h), STATS. Accordingly, we conclude that the trial court properly exercised its discretion when it extended the time to answer and denied the Johns' motion for default judgment under the circumstances of this case. The judgment is affirmed.

*By the Court.*—Judgment affirmed.