## COURT OF APPEALS
## DECISION
## DATED AND FILED

## March 30, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2022AP258**

**STATE OF WISCONSIN**

Cir. Ct. No. 2021CV109

**IN COURT OF APPEALS
DISTRICT IV**

---

ALLIANT CREDIT UNION,

    PLAINTIFF-RESPONDENT,

  V.

CITY OF COLUMBUS AND
COLUMBUS COMMERCE CENTER, LLC,

    DEFENDANTS,

MICHAEL EISENGA,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and orders of the circuit court for Columbia County: ALAN J. WHITE and TROY D. CROSS, Judges. *Affirmed*.

Before Blanchard, P.J., Kloppenburg, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Alliant Credit Union sued the City of Columbus, Columbus Commerce Center, LLC, and Michael Eisenga.[1]   As pertinent to this appeal, Alliant claimed that Eisenga and the LLC:  conspired to defraud Alliant by requesting and receiving reimbursements from the City on real estate taxes that Alliant had paid; through the same means, intentionally converted the reimbursements for their own use and profit; and through the same means, unjustly enriched Eisenga and the LLC.  Eisenga now appeals circuit court orders that denied Eisenga's motion to dismiss him from the action and denied Eisenga's motion to enlarge time for him to answer the complaint.  Following those rulings, the court granted Alliant's motion for a default judgment and entered a money judgment against Eisenga in favor of Alliant.  We reject Eisenga's arguments and affirm.

## BACKGROUND

¶2     On April 28, 2021, Alliant filed a civil complaint in Columbia County circuit court naming the City, Eisenga, and the LLC.  The following are pertinent allegations in the complaint.

¶3     In May 2019, Alliant filed a foreclosure action on a mortgage that was held by an entity of which Eisenga was "the principal" and that was secured by property in Columbus, and a receiver was appointed to manage and control the property.  In July 2019 and January 2020, Alliant paid outstanding real estate taxes, interest, and penalties on the Columbus property, which totaled $140,865.79.  In July 2019 and February 2020, "Eisenga, through his entity Columbus Commerce

---

[1] When we refer to Eisenga by last name in this opinion we mean the individual person.

2

Center, LLC … 'invoiced' the City for reimbursement of the real estate taxes" that had been paid by Alliant, "knowing that Alliant, and not Eisenga or any of his entities, had paid the taxes." As a result, in August 2019 and March 2020, "the City paid Eisenga and his entities $110,970.48 to reimburse the payment of real estate taxes."

¶4      As pertinent to this appeal, Alliant made three claims, all related to these allegations about the tax reimbursements:  civil conspiracy to defraud, conversion, and unjust enrichment.

¶5      Attorney William Gergen filed an answer in the instant case on behalf of the LLC on June 11, 2021, but neither Gergen nor anyone else filed an answer at that time on behalf of Eisenga.

¶6      Also on June 11, 2021, Gergen filed a motion to dismiss the complaint in its entirety, this time on behalf of Eisenga, arguing that the complaint fails to state a claim against Eisenga.  *See* WIS. STAT. § 802.06(2)(a)6. (identifying one defense that may be pled by motion, the "[f]ailure to state a claim upon which relief can be granted").[2]  The basis for the motion was that all three of Alliant's claims relate "only to the transaction between" the LLC and the City, and do not allege conduct by Eisenga individually.  Alliant filed a response opposing the motion to dismiss.

¶7      On July 26, 2021, the circuit court heard additional argument on the motion to dismiss at a hearing.[3]  Eisenga personally attended the hearing, at which

---

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[3] The Honorable Alan J. White decided the motion to dismiss issue and the Honorable Troy D. Cross decided the other issues in this appeal.  We refer to both using the same phrase, "the circuit court."

Gergen represented him. The court orally denied the motion at the hearing and memorialized its ruling in an order issued on July 28, 2021.

¶8      On September 30, 2021, Alliant filed a motion for default judgment against Eisenga. The basis for the motion was the following sequence of facts and related law: (1) Eisenga filed the motion to dismiss under WIS. STAT. § 802.06(2), before filing an answer; (2) the circuit court denied that motion by order dated July 28, 2021; (3) under these circumstances and pursuant to § 802.06(1), Eisenga was required to serve on Alliant a pleading responsive to the complaint within 10 days after notice of the court's denial of the motion to dismiss; and (4) Eisenga failed to file a responsive pleading within that time period—indeed, he never filed an answer to the complaint.

¶9      On October 11, 2021, Gergen filed the following, each on behalf of Eisenga: (1) an answer to the complaint; (2) a motion to enlarge the time to file the answer under WIS. STAT. § 801.15(2)(a);[4] and (3) an affidavit by Gergen. In the affidavit, Gergen averred in pertinent part that he had made the mistake of thinking that, when he filed the answer on behalf of the LLC on June 11, 2021, he had filed the same answer on behalf of Eisenga as well.

¶10      On November 8, 2021, the circuit court held a hearing to address Eisenga's motion to enlarge the time for the filing of the answer and Alliant's

---

[4] WISCONSIN STAT. § 801.15(2)(a) provides in pertinent part:

> When an act is required to be done at or within a specified time, the court may order the period enlarged but only on motion for cause shown and upon just terms…. If the motion is made after the expiration of the specified time, it shall not be granted unless the court finds that the failure to act was the result of excusable neglect. The order of enlargement shall recite by its terms or by reference to an affidavit in the record the grounds for granting the motion.

4

motion for default. The court ruled that it would have to deny Eisenga's motion to enlarge the time under ***Hedtcke v. Sentry Insurance Co.***, 109 Wis. 2d 461, 326 N.W.2d 727 (1982), if there were not "reasonable grounds for" Eisenga's "noncompliance with the statutory time period (excusable neglect)" for the filing of the answer. *See **id.*** at 468 ("when the circuit court determines that there is no excusable neglect, the motion [to enlarge time under WIS. STAT. § 801.15(2)(a)] must be denied").

¶11 The circuit court then turned to the issue of excusable neglect, and quoted the test from ***Hedtcke***: "[T]hat neglect which might have been the act of a reasonably prudent person under the same circumstances," which is "not synonymous with neglect, carelessness or inattentiveness." ***Id.*** (quoted sources omitted). The court determined that Gergen had not "given me any option" except to determine that Eisenga's failure to file an answer was not acting as "a reasonably prudent person under the circumstances." The court noted that Gergen began work on the case on April 30, two days after the complaint was filed, but waited until October 11, which was "another 11 days" after Alliant filed the default motion, to file an answer on behalf of Eisenga. The court observed that it was "not happy" about having to render its excusable neglect decision, and that the court was generally "not in favor of granting technical relief to parties," but it characterized the facts as extreme.

¶12 The circuit court entered written orders denying the motion to enlarge time and granting the motion for default judgment, and entered a money judgment against Eisenga and in favor of Alliant in the amount of $110,970.48.

¶13    Eisenga appeals the circuit court orders denying his motion to dismiss him from the action and denying his motion to enlarge time for him to answer the complaint.[5]

## DISCUSSION

### I.    MOTION TO DISMISS

¶14    In challenging the circuit court's denial of his motion to dismiss, Eisenga does not compare the allegations in the complaint with the elements of any of the complaint's three pertinent causes of action.  Instead, his primary argument in the circuit court and again on appeal has been to assert, in a sweeping manner, that the complaint, as he now puts it, does "not allege any facts, or acts, committed by Michael Eisenga."  This sweeping statement is incorrect and we reject it on that basis, as explained below.  We also briefly explain why we reject Eisenga's secondary argument on this issue, which he purports to develop for the first time on appeal and which references the concept of immunity based on the use of a corporate form.

¶15    "Whether a complaint states a claim upon which relief can be granted is a question of law for our independent review."  *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693 (citation omitted).  When reviewing a motion to dismiss, "factual allegations in the complaint are accepted as true for purposes of our review," as well as all "reasonable

---

[5] Eisenga does not present a developed argument that, even if the circuit court's rulings denying the motion to dismiss and the motion to enlarge time were proper, it was an erroneous exercise of discretion for the circuit court to grant the motion for default judgment or to enter the money judgment.  *See Johns v. County of Oneida*, 201 Wis. 2d 600, 605, 549 N.W.2d 269 (Ct. App. 1996) (WIS. STAT. § 806.02(1) "confers discretion upon the trial court in deciding whether to grant default judgment, and its exercise of discretion will be affirmed on appeal unless [an erroneous exercise] is shown.").

inferences" arising from the factual allegations, although "legal conclusions asserted in a complaint are not accepted." *Id.*, ¶¶18-19 (citations omitted).

¶16    We conclude that, as he did in the circuit court, Eisenga in his principal argument on appeal essentially asks us to ignore both the allegations in the complaint and the reasonable inferences that arise from the allegations.  As summarized above, the complaint alleges that in July and February 2020, Eisenga submitted invoices to the City for reimbursements of the real estate taxes that had been paid by Alliant, at a time when he knew that Alliant had paid the taxes, and that as a result, in August 2019 and March 2020, the City "reimbursed" Eisenga for taxes that Eisenga knew had been paid by Alliant.  It is true that the complaint also names the LLC as a party and alleges that Eisenga acted "through" the LLC in allegedly submitting the invoices and that the payments were made to "Eisenga and his entities."  However, the complaint attributes these actions, at least in part, to Eisenga.

¶17    Further, as the circuit court suggested in rejecting this limited argument, Eisenga's argument seemingly ignores the "all reasonable inferences" aspect of the motion-to-dismiss analysis in appearing to fault the complaint for failing to specifically allege a time, place, and manner in which Eisenga personally transferred any portion of the "reimbursements" to one of his own personal accounts.  Eisenga fails to explain why factual allegations of such details would be needed to support claims of civil conspiracy to defraud, conversion, or unjust enrichment.

¶18    We now turn briefly to the alternative argument about corporate form that Eisenga attempts to develop for the first time on appeal.  In the circuit court, Eisenga's written motion to dismiss contained no reference to this argument.  Then,

7

during the course of a dialog with the court at the hearing on the motion, Gergen asserted that the complaint does not allege "what is popularly termed piercing the corporate veil." This brief oral reference was not well developed nor was it supported by any legal authority. Nevertheless, the circuit court responded to this new argument by observing that the complaint alleges fraud. The court further said that it understood the law to be that "officers of corporate entities" can "lose their insulation from lawsuits" if there is an allegation that the officers committed fraud. Responding to the court's statement of this legal proposition, Gergen replied: "That's correct. I apologize, Your Honor. I don't disagree with that premise."

¶19     Now, on appeal, Eisenga makes references purportedly tied to the alter ego theory of liability and the concept of "piercing the corporate veil." Without attempting to untangle the details of what Eisenga might be attempting to argue as pertinent to the complaint here and then comparing that to the proper legal standards, we reject these arguments on two grounds.

¶20     First, as the summary above reveals, Eisenga failed to preserve these arguments by presenting them to the circuit court. *See Townsend v. Massey*, 2011 WI App 160, ¶25, 338 Wis. 2d 114, 808 N.W.2d 155 (citing *State v. Rogers*, 196 Wis. 2d 817, 827, 539 N.W.2d 897 (Ct. App. 1995) (forfeiture rule requires that parties must "make all of their arguments to the trial court" to preserve the arguments)). Indeed, as summarized above, after Gergen came up with an undeveloped assertion along these lines during the course of the hearing, he then agreed with the circuit court's suggestion that allegations of fraud would eviscerate any such argument. Alliant properly argues on appeal that it would be unfair for this court to entertain this new argument.

¶21 Second, even if we were to reach these new arguments on appeal, they are undeveloped and raise more questions than answers. *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("We may decline to review issues inadequately briefed."). It is sufficient to cite the following as a significant example of the deficiencies. Eisenga does not even attempt to address the legal proposition raised by the circuit court: theories of immunity from liability based on a corporate form may be analyzed differently in the context of allegations of fraud.

## II.    MOTION TO ENLARGE TIME

¶22 Eisenga's arguments are difficult to track, but he appears not to challenge the circuit court's determination that there was not excusable neglect for his failure to comply with the deadline by which he had to file an answer under WIS. STAT. § 802.06(1). Instead, the argument that Eisenga most clearly articulates is that the circuit court erred in applying *Hedtcke* to determine that the court was required to deny his motion to enlarge time under WIS. STAT. § 801.15(2)(a) if there was not excusable neglect. Eisenga asserts that *Hedtcke* contains "contradictory and even confusing" statements, but that when *Hedtcke* is interpreted properly and in light of subsequent case law, the rule that emerges is that a circuit court is required to consider the interest of justice in this context even if there was no excusable neglect. We reject this argument because the rule stated in *Hedtcke* is unambiguous.

¶23 As the circuit court here correctly noted, the language of our supreme court in *Hedtcke* states the proper test under WIS. STAT. § 801.15(2)(a):

> In determining whether to grant the dilatory party relief, the first step is to determine if there are reasonable grounds for the noncompliance with the statutory time period (excusable neglect). If the motion is made after the expiration of the specified time, an order enlarging the time for performing an act must be based on a finding of excusable neglect; when the circuit court determines that

> there is no excusable neglect, the motion must be denied.
> *Jolitz v. Graff*, 12 Wis. 2d 52, 57, 106 N.W.2d 340 (1960).

*Hedtcke*, 109 Wis. 2d at 468.[6] Eisenga relies heavily on statements contained in a Wisconsin Lawyer article to suggest that these clear statements are no longer controlling, but we are obligated to follow the law as stated by our supreme court.

¶24 Eisenga misses the target on this issue in citing precedent involving reviews of circuit court decisions addressing motions for relief from judgment under WIS. STAT. § 806.07(1), not motions to enlarge statutory filing deadlines under WIS. STAT. § 801.15(2)(a). For example, he relies on statements in *Miller v. Hanover Insurance Co.*, 2010 WI 75, 326 Wis. 2d 640, 785 N.W.2d 493, determining that a party had met its burden of proving that extraordinary circumstances existed to justify vacating a default judgment, in part based on the interests of justice. *See id.*, ¶¶35, 51, 59. Eisenga fails to address the fact that our supreme court in *Miller* was reviewing a decision of the circuit court denying a motion for relief from a default

---

[6] Our decision is controlled by *Hedtcke v. Sentry Insurance Co.*, 109 Wis. 2d 461, 326 N.W.2d 727 (1982). But given the nature of Eisenga's argument, we further note that the rule has been clearly stated by our supreme court for decades. The Court was similarly clear in the passage of *Jolitz* that is cited on this point by the court in *Hedtcke*:

> The statute authorizing the trial court to enlarge the time in which to serve the bill of exceptions prescribes the only grounds upon which the enlargement can be granted. The enlargement must be based upon a finding of cause or excusable neglect. There are no other exceptions. When the court determines that there is no cause or excusable neglect, the denial of the motion must follow as a matter of law. *Meyers v. Thorpe*, [227 Wis. 200, 202-03, 278 N.W.2d 462 (1938)].

*Jolitz*, 12 Wis. 2d at 57. Similarly clear statements are found in *Meyers* and also in authority on which *Meyers* relies, *Johnson v. Retzlaff*, 200 Wis. 1, 227 N.W. 236 (1929). *Johnson* is cited in *Hedtcke* for the following proposition: an enlargement of time is "'not a favor to be granted to a litigant as a matter of grace.'" *Hedtcke*, 109 Wis. 2d at 468; *see also Johnson*, 200 Wis. at 4-5 ("frustration" of the goal of prompt resolution of litigation caused by "the dilatoriness of attorneys will be accorded ever-diminishing tolerance.").

judgment, and that the court explicitly stated "we are not deciding whether the circuit court properly denied [a party's] motion to enlarge time." *See id.*, ¶¶1, 43, 59. Again, it would be for our supreme court, or the legislature, to change the law in this area.

¶25 On the topic of WIS. STAT. § 806.07, Eisenga on appeal makes an argument based on *Johns v. County of Oneida*, 201 Wis. 2d 600, 549 N.W.2d 269 (Ct. App. 1996), in which we addressed potential reliance on § 806.07 by a party against whom a motion for a default judgment has been filed. We now explain the pertinent discussion in *Johns*, the history of Eisenga's references to *Johns*, and why we reject the argument because Eisenga failed to preserve it in the circuit court.

¶26 In *Johns*, after the defendant missed the statutory deadline to answer the complaint, the plaintiff moved to strike the answer as untimely and for a default judgment. *Id.* at 603-04. The circuit court exercised its discretion to find that "extraordinary circumstances" existed under WIS. STAT. § 806.07(1)(h) to deny the motion for a default judgment.[7] *Johns*, 201 Wis. 2d at 604. Citing *Hedtcke*, the plaintiff on appeal argued that the defendant's failure to meet the deadline was not excusable neglect and therefore the circuit court was required to grant a default judgment. *Id.* at 604-05. This court explained that it is not an erroneous exercise of discretion for a circuit court to deny a motion for default judgment based on the court's determination that, if a default judgment were granted on the basis of the defendant's failure to file a timely answer, the judgment would be immediately

---

[7] Under the catch-all provision, WIS. STAT. § 806.07(1)(h), relief from a judgment may be granted "upon such terms as are just," based on "reasons justifying relief from the operation of the judgment." "In exercising its discretion in determining whether it should grant relief from a judgment, the circuit court 'must consider a wide range of factors' in determining whether extraordinary circumstances are present, always keeping in mind the competing interests of finality of judgments and fairness in the resolution of the dispute." *Miller v. Hanover Ins. Co.*, 2010 WI 75, ¶36, 326 Wis. 2d 640, 785 N.W.2d 493 (quoted source omitted).

reopened under § 806.07. ***Johns***, 201 Wis. 2d at 605-06. In that circumstance, it would be a "needless formality" to require the circuit court to grant the default judgment only to order the reopening. ***Id.*** at 606. Applying that reasoning to the circumstances in ***Johns***, this court explained that because the circuit court there had "reasonably exercised its discretion when it determined that extraordinary circumstances existed which would warrant reopening the judgment," the circuit court did not need to address whether there was excusable neglect by the plaintiff that would have warranted an enlargement of time to answer the complaint under WIS. STAT. § 801.15(2). ***Johns***, 201 Wis. 2d at 606-09 & n.5.

¶27     We now turn to the history of references made in this case to ***Johns***—more precisely, to the inadequacy of those references. At the end of a circuit court filing in which Eisenga requested an enlargement of time for the filing of the tardy answer, Eisenga made a brief argument that, in the event that the circuit court were to grant Alliant's motion for default, "the defense would have the opportunity to move to re-open the same pursuant to WIS. STAT[]. § 806.07." The filing then quoted ***Johns*** for the propositions that we have just explained. This was followed by three paragraphs, suggesting a limited argument based on § 806.07(1)(h). The limited argument consisted of assertions that it would not be fair to Eisenga to grant a default judgment against him based on "mistake and inadvertence" by Gergen and that Eisenga "has a meritorious defense" because the complaint "fails to allege any elements pertaining to Michael Eisenga's personal liability, as opposed to that of his LLC."

¶28     At the hearing that followed, the circuit court opened by explaining

> I have basically two motions pending. I have the motion
> from Alliant Credit Union to basically default Mr. Eisenga
> for failing to [timely] file an answer. And I have

> Mr. Gergen's motion to enlarge the time for the filing of the answer.

Gergen did not correct or clarify that he wanted the court *also* to consider an argument based on the application of WIS. STAT. § 806.07(1)(h), in light of the reasoning in *Johns*. Further, despite being given an opportunity by the circuit court to explain his arguments during the hearing, Gergen did not make a single reference to § 806.07 or to *Johns*. The circuit court ruled without making reference to § 806.07 or to *Johns*. Instead, the court addressed the two issues that it had explained at the outset it was going to address. Eisenga did not file any variety of motion following the hearing for reconsideration or clarification addressing the *Johns* issue.

¶29 Now on appeal, Eisenga faults the circuit court on the ground that it "failed to properly consider" WIS. STAT. § 806.07 in deciding the default motion. The argument on this issue in Eisenga's principal brief on appeal essentially repeats the same brief assertions he made in his written pleading in the circuit court.

¶30 We reject this *Johns*-based argument on the ground that, here again, Eisenga has failed to properly preserve an argument by first presenting a developed version to the circuit court. *See Townsend*, 338 Wis. 2d 114, ¶20. In the written filing in the circuit court, he made an undeveloped argument with little prominence, and then failed to raise it when he had an opportunity to do so at the hearing. At best, Eisenga's written submission in the circuit court might have stood as a partial argument why the circuit court could have exercised its discretion in his favor, but it failed to address the following relevant factors in a complete manner:

> "whether the judgment was the result of the conscientious, deliberate and well-informed choice of the claimant; whether the claimant received the effective assistance of counsel; whether relief is sought from a judgment in which there has been no judicial consideration of the merits and the

13

> interest of deciding the particular case on the merits outweighs the finality of judgments; whether there is a meritorious defense to the claim; and whether there are intervening circumstances making it inequitable to grant relief."

*See* **Miller**, 326 Wis. 2d 640, ¶36 (quoted source omitted). Even on the few relevant points that Eisenga did reference, such as the "meritorious defense" factor, his argument had little weight.

¶31 It only serves to illustrate the point that—in the section of Eisenga's principal brief on appeal in which he erroneously challenges denial of his motion to enlarge time based on his misunderstanding that **Hedtcke** calls for "interest of justice" analysis, even in the absence of a finding of excusable neglect—he now presents an analysis of the factors that are relevant to a circuit court's exercise of discretion in response to a properly filed motion under WIS. STAT. § 806.07(1)(h). This argument should have been presented to the circuit court in order to preserve it for consideration on appeal. We could not fairly reverse the circuit court on this record.

## CONCLUSION

¶32 For all of these reasons, we affirm the circuit court orders denying Eisenga's motion to dismiss him from the action and denying Eisenga's motion to enlarge time for him to answer the complaint.

*By the Court*.—Judgment and orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.